**BOIES SCHILLER FLEXNER LLP**
JEFFREY HAMMER, State Bar No. 264232
  *jhammer@bsfllp.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Alan B. Vickery (*pro hac vice application forthcoming*)
  *avickery@bsfllp.com*
John F. LaSalle (*pro hac vice application forthcoming*)
  *jlasalle@bsfllp.com*
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Attorneys for Defendant
ADAM ROSEMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BOBULINSKI, an individual,<br><br>         Plaintiff,<br><br>   v.<br><br>ADAM ROSEMAN, an individual; and DOES 1 through 20,<br><br>         Defendants. | Case No. 2:19-cv-2963<br><br>**DEFENDANT ADAM ROSEMAN'S NOTICE OF REMOVAL OF CIVIL ACTION** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Adam Roseman hereby removes the above-captioned matter, which was commenced as Case Number 19STCV06065 in the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division on the basis of diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441, and 1446. In support of his Notice of Removal, Roseman states the following:

1. *Background*:  Plaintiff Tony Bobulinski alleges that Roseman, the former Chief Executive Officer of China Branding Group ("CBG") induced Plaintiff to invest $650,000 in CBG.  Plaintiff alleges that CBG pledged certain assets as security for Plaintiff's loan and that those assets, in reality, were not owned by CBG but instead were owned by a different entity allegedly controlled by Roseman. *See, e.g.,* Ex. A, Complaint ("Compl.") ¶¶ 2-3.  Plaintiff asserts claims for fraud in the inducement, negligent misrepresentation, and breach of fiduciary duty.  *Id.* ¶¶ 41-60. Plaintiff seeks actual and consequential damages, compensatory damages, punitive and exemplary damages, costs, and attorneys' fees.  *Id.* at 12.

2. *Timeliness*:  Roseman's counsel executed a notice and acknowledgment of receipt on March 18, 2019.  *See* Ex. G, Notice and Acknowledgment of Receipt.  Service of the summons and complaint was complete on that day.  Cal. Code of Civ. Pro. § 415.30. This removal petition is, therefore, timely made under 28 U.S.C. § 1446(b)(1).  *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Harper v. Little Caesar Enters.*, No. SACV 18-01564-JLS-JDE, 2018 WL 5984841 at * 2 (C.D. Cal. Nov. 14, 2018).

3. *Defendant's Citizenship*:  Roseman is a citizen of the State of Georgia. *See* Compl. ¶ 6. On information and belief, no defendant other than Roseman has been named, joined, or served in this action.

4. *Plaintiff's Citizenship*:  Plaintiff is a citizen of the State of California. *See* Compl. ¶ 5.

5. ***Diversity***: The diversity requirement of § 1332 is satisfied in this action because the matter in controversy is "between citizens of different States." 28 U.S.C. § 1332(a)(1).

6. ***Amount in Controversy***: The amount-in-controversy requirement of § 1332 is satisfied in this action because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). If a plaintiff fails to plead a specific amount of damages and the amount in controversy is not "facially apparent" from the complaint, "the court may consider facts in the removal petition" to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). In calculating the potential amount in controversy, courts include actual damages, compensatory damages, statutory penalties, restitution, disgorgement, punitive damages, and attorney's fees. *Wolk v. Green*, 516 F.Supp.2d 1121, 1127 (N.D. Cal. 2007) ("the jurisdictional minimum may be satisfied by claims of general and specific damages, attorney's fees, and by punitive damages"); *Kroske*, 432 F.3d at 980 ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."). Although Plaintiff has not pled a specific amount of damages here, the amount in controversy is, at a minimum, $650,000 on the face of his Complaint. *See, e.g.,* Compl. ¶¶ 1 ("In this case, Roseman maximized his 'income potential' by defrauding a long-time business associate, Tony Bobulinski, out of $650,000"), 35 ("Under the terms of the Note, CBG was required to pay Bobulinski the principal of the Note ($650,000) with a 2.5x return upon the close of the sale to Remark for a total of $1,625,000."), 36 ("Ultimately, the Joint Official Liquidators of CBG rejected Bobulinski's Proof of Debt, claiming that Bobulinski was only owed a balance of $650,000."). Furthermore, Plaintiff has asserted broad claims for actual, consequential, compensatory, punitive, and exemplary damages, the total value of which far exceeds the jurisdictional minimum for removal.

7. Roseman reserves the right to amend this Notice of Removal to assert additional bases for federal jurisdiction. In addition, if Plaintiff contests, or the Court questions, whether the allegations in this Notice of Removal suffice to invoke federal jurisdiction, Roseman reserves the right to submit evidence and argument to the Court establishing that the jurisdictional requirements are met. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

8. Removal to this judicial district and division is proper because they "embrac[e]" Los Angeles County, the "place where [this] action is pending." 28 U.S.C. § 1441(a).

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, and will be served on all parties. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

10. The following Exhibits attached to this Notice of Removal are true and correct copies of the process, pleadings, and other papers that have been served on Defendant in this action:

    a. Exhibit A: Complaint

    b. Exhibit B: Summons

    c. Exhibit C: Original Civil Case Cover Sheet (State Court)

    d. Exhibit D: Notice of Case Assignment

    e. Exhibit E: Notice of Case Management Conference

    f. Exhibit F: Further Case Management Order and Notice from Dept. 73

    g. Exhibit G: Notice and Acknowledgement of Receipt

/ / /

/ / /

/ / /

/ / /

1     **BASED ON THE FOREGOING**, Defendant hereby removes this action,
2 now pending in the Superior Court of the State of California for the County of Los
3 Angeles, Case No. 19STCV06065, to the United States District Court for the
4 Central District of California, Western Division.

6 DATED: April 17, 2019          BOIES SCHILLER FLEXNER LLP

By   */s/* Jeffrey Hammer
      JEFFREY HAMMER
Attorneys for Defendant
ADAM ROSEMAN

-4-     Case No. 2:19-cv-2963
DEFENDANT ADAM ROSEMAN'S NOTICE OF REMOVAL