Ryan G. Baker (Bar No. 214036)
  rbaker@waymakerlaw.com
Teresa Huggins (Bar. No. 263257)
  thuggins@waymakerlaw.com
Sam S. Meehan (Bar. No. 307934)
  smeehan@waymakerlaw.com
WAYMAKER LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

*Attorneys for Plaintiff Tony Bobulinski*

Fred Norton (SBN 224725)
  fnorton@nortonlaw.com
David W. Shapiro (SBN 219265)
  dshapiro@nortonlaw.com
Matthew Ohlheiser (*admitted pro hac vice*)
  mohlheiser@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 106
Oakland, California 94607
Telephone: (510) 906-4900
Facsimile: (510) 906-4910

*Attorneys for Defendant Adam Roseman*

```
                        FILED
                CLERK, U.S. DISTRICT COURT

                      10/29/2021

             CENTRAL DISTRICT OF CALIFORNIA
             BY: _____ bm _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BOBULINSKI,<br><br>           Plaintiff,<br><br>      vs.<br><br>ADAM ROSEMAN, an individual; and DOES 1 - 20,<br><br>           Defendants. | Case No. 2:19-CV-02963-MFW (JPRx)<br><br>**[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS**<br><br>Date Filed: February 21, 2019<br>Judge: Hon. Jean P. Rosenbluth<br>Courtroom: 690 |

WHEREAS, information and documents provided in discovery in the above-captioned litigation, whether by a party or non-party, may be of a trade secret or confidential nature within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and

WHEREAS, one of the purposes of this Stipulated Protective Order (the "Order") is to protect the confidentiality of information the designating party reasonably believes is entitled to confidential treatment under applicable law;

IT IS HEREBY ORDERED THAT:

1.      As used in this Order, "Litigation Material(s)" includes: (a) documents, exhibits, answers to interrogatories, responses to requests for admissions, deposition testimony and transcriptions (including exhibits), and all written, recorded, graphic or electronically-stored matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts or summaries of such information, and the information itself; and (c) any pleading, affidavit, declaration, brief, motion, transcript, including exhibits to any of these, or other writing containing such information.

2.      Litigation Materials containing confidential or proprietary information, including pricing, rates, customers/subscribers, company security matters, customer lists, personnel files, information of a personal or intimate nature regarding any individual, financial data and other non-public commercial, financial, research or technical information, may be designated "Confidential" by any producing party (for purposes of this Order, a "producing party" includes any non-party that produces information in connection with the above-captioned litigation ("this litigation")). Litigation Materials containing trade secret or other highly valuable proprietary or confidential research, development or commercial information, including, but not limited to, special formulas, proprietary software and/or computer programs, current or future marketing plans, current or future business plans or strategies, current or future plans for products or services, customer and subscriber data and information, vendor and/or supplier information, agreements with third parties, information

AMENDED STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

regarding current or future business or financial transactions, internal financial reports or plans, current or future pricing, rates or planning information, financial data, production data, internal notes, memoranda, logs or other data, information relating to business ownership or control, confidential settlement agreements, and other highly sensitive non-public commercial, financial, research or technical information that the producing party believes, in good faith, should be afforded a higher level of confidentiality, may be designated "Highly Confidential" by any producing party. Litigation Materials that a producing party believes in good faith should be treated not only as "Highly Confidential" but also should not be shared with in-house counsel on the grounds that disclosure of such Litigation Materials may cause competitive harm may be designated "Highly Confidential—Outside Attorneys' Eyes Only."

3.      All Litigation Materials provided (before or after entry of this Order) in discovery in connection with this litigation, and the contents thereof: (a) shall be used or disclosed by the parties, their counsel, or anyone else provided with Litigation Materials pursuant to the terms of this order, for the purpose of the prosecution or defense of this litigation, including preparing for and conducting pre-trial, trial and post-trial proceedings in this litigation, and for no other purpose except as stipulated in writing, formally or informally, by the Parties' counsel of record; (b) shall not be used or disclosed for any business, commercial or competitive purpose; and (c) shall not be used or disclosed in connection with any other litigation or proceeding, except as stipulated in writing, formally or informally, by the Parties' counsel of record.  In addition, Litigation Materials designated "Confidential," "Highly Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only" and the contents thereof, shall not be disclosed other than as provided by the terms of this Order.

4.      Any Litigation Materials that the producing party disclosed to the general public prior to their production in this litigation or disclosed during the course of this litigation shall not be designated or treated as "Confidential" "Highly Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only," including without limitation

1   for purposes of the temporary treatment of produced Litigation Materials as "Highly
2   Confidential" as set forth in Paragraph 6.a.i.

3       5.      Nothing in this Order affects the right of any producing party that
4   produced Litigation Materials to use or disclose such Litigation Materials, or the
5   contents thereof, in any way.

6       6.  a.i.  Any producing party may designate Litigation Materials, or portions
7   thereof, as confidential or highly confidential by marking them "Confidential," "Highly
8   Confidential" Or "Highly Confidential—Outside Attorneys' Eyes Only."  To provide
9   the parties adequate opportunity to properly designate Litigation Materials hereunder,
10  all Litigation Materials shall be deemed "Confidential," whether or not stamped with
11  that legend, for five (5) calendar days following their production.

12      a.ii.   The failure to designate Litigation Materials as "Confidential,"
13  "Highly Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only"
14  within that five (5) day period shall not waive a producing party's right to later so
15  designate such Litigation Materials with prospective effect.  If Litigation Materials
16  claimed to be "Confidential," "Highly Confidential" or "Highly Confidential—Outside
17  Attorneys' Eyes Only" were previously produced without such designation but timely
18  re-designated, such Litigation Materials and all copies thereof shall within five (5) days
19  of any written notice requesting their return, be returned to the designating party for
20  such designation, destroyed, or stamped "Confidential," "Highly Confidential" or
21  "Highly Confidential—Outside Attorneys' Eyes Only" as requested by the designating
22  party (a "designating party" may include a non-party that is a producing party).  The
23  receiving party may challenge the designation of the documents as provided in this
24  Order, but the inadvertent production of Litigation Materials (including, without
25  limitation, testimony) claimed to be "Confidential," "Highly Confidential" or "Highly
26  Confidential—Outside Attorneys' Eyes Only" without the designation shall not
27  constitute a waiver of confidentiality.

28      b.      Counsel for a deponent may invoke the protections of this Order by

AMENDED STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATIERALS

1   stating on the record during the deposition that some or all testimony given at the
2   deposition is designated "Confidential," "Highly Confidential," or "Highly
3   Confidential—Outside Attorneys' Eyes Only," or by designating the deposition
4   transcript or portions with such designation(s) within fifteen (15) business days after
5   receipt of the final deposition transcript.  All information disclosed during a deposition
6   shall be deemed "Confidential" for fifteen (15) business days, whether or not any
7   portion of the transcript was so designated during the deposition, and thereafter shall
8   be treated as "Confidential," "Highly Confidential" or "Highly Confidential—Outside
9   Attorneys' Eyes Only," as applicable, if so designated.  No person shall be present
10  during any portion of any deposition designated as provided herein, or any portion of
11  any deposition wherein Litigation Materials designated hereunder are disclosed, unless
12  that person is an authorized recipient of Litigation Materials containing "Confidential,"
13  "Highly Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only"
14  information under the terms of this Order or unless all parties agree to allow the
15  attendance of such person.

16          c.      Written discovery, documents, and tangible things that meet the
17  requirements for the confidentiality designations set forth in this Order may be so
18  designated by placing the appropriate designation on at least the cover page of the
19  written material prior to production, except for documents produced in native format
20  which shall have the appropriate designation affixed on the face of the media
21  containing the native format documentation.  To the extent that documents are
22  produced in electronic form, the addition of a confidentiality designation in the file
23  name, or in the name of the folder or database in which the file is produced, shall be
24  sufficient to provide notice of confidentiality and additional written notice will be
25  unnecessary.  Tangible things not produced in documentary form may be designated
26  by affixing the appropriate designation on a cover page or label for such material and
27  in a prominent place on the exterior of the container or containers in which the
28  information or things are stored.

AMENDED STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATIERALS

7.     The producing party designating any Litigation Materials hereunder shall, in the first instance, determine in good faith whether such Litigation Materials contain "Confidential," "Highly Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only" information covered by this Order.  Another party may object in good faith to such designation.  The objecting party and the other person(s) involved shall follow the provisions of Local Rule 37-1, *et seq.*, of the Central District of California in (a) their attempt to informally resolve their designation dispute and (b) any motion practice before this Court should such dispute not be resolved informally, provided, however, that counsel, upon request from one side, shall meet-and-confer pursuant to Local Rule 37-1 within two business days of the written communication requesting the meet-and-confer; and counsel shall provide the responsive portion of any joint stipulation pursuant to Local Rule 37-2.2 within two business days of receiving the moving party's material.  Any Litigation Materials, the designation of which are subject to such dispute, shall be treated as designated pending further order of the Court.  The party asserting the confidentiality of any such Litigation Materials shall bear the burden of establishing that the Litigation Materials are entitled to be classified as designated.

8.     If any Litigation Materials designated hereunder are used during the course of a deposition, the portion of the deposition record containing testimony related to such information shall be designated as "Confidential," "Highly Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only," as applicable, and access thereto shall be limited pursuant to the terms of this Order.

9.     Litigation Materials designated or treated as "Confidential," copies or extracts thereof and information contained therein, may be disclosed, given, shown, made available, or communicated only to the following (and then only for purposes of the prosecution, defense or appeal of this litigation):

a.  employees of the parties provided they are deposition or trial witnesses or are otherwise actively involved in the prosecution,

defense or appeal of this litigation and have executed the attached Schedule A;

b.  outside counsel retained by the parties to assist in the prosecution, defense or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation, provided that such outside counsel have either executed this Order or the attached Schedule A and that any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation have executed the attached Schedule A;

c.  in-house counsel for each party (and their paralegal, clerical and/or secretarial assistants), provided that such in-house counsel are actively involved in the prosecution, defense or appeal of this litigation;

d.  consultants and/or experts retained by counsel or a party in connection with this litigation to whom it is necessary that "Confidential" Litigation Materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation, and only upon their agreement to be bound by this Protective Order evidenced by execution of the attached Schedule A;

e.  any person expressly identified in any "Confidential" Litigation Materials as an author or recipient of the "Confidential" Litigation Materials;

f.  any person employed by the party that produced the "Confidential" Litigation Materials;

g.  the Court in this litigation, and any members of its staff to whom it is necessary to disclose "Confidential" Litigation Materials for the

AMENDED STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATIERALS

purpose of assisting the Court in this litigation.

h. stenographers, videographers and court reporters recording or transcribing testimony relating to this litigation and who have executed the attached Schedule A;

i. personnel employed by anyone providing a receiving party with document litigation support, graphics, translation, design, and/or trial consulting services to whom disclosure is reasonably necessary for this litigation, provided that each such person, including their staff, has executed the attached Schedule A agreeing to be bound by the terms of this Order, and provided that such personnel are not an officer, director, or employee of the receiving party;

j. any mediator assigned to hear this matter and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

k. mock jurors who have executed the attached Schedule A agreeing to be bound by the terms and conditions of this Order (said signed acknowledgement for mock jurors need not be provided to counsel for any other party); and

l. other persons only upon written consent of the producing person (which agreement may be recorded in a deposition or other transcript) or upon order of the Court.

10.   Litigation Materials designated or treated as "Highly Confidential," copies or extracts thereof, and information contained therein, shall be treated as "Attorneys' Eyes Only" and may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution, defense or appeal of this litigation):

a. outside counsel retained by the parties to assist in the prosecution,

AMENDED STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS

defense or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation, provided that such outside counsel have either executed this Order or the attached Schedule A and that any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation have executed the attached Schedule A;

b. in-house counsel for each party (i) who are primarily responsible for overseeing the prosecution, defense or appeal of this litigation on behalf of the party he or she represents, (ii) who agree not to disclose any "Highly Confidential" Litigation Materials to in-house attorneys not responsible for overseeing the prosecution, defense or appeal of this litigation on behalf of the party he or she represents, and (iii) who have been disclosed to the opposing party without objection within three (3) business days after such disclosure.  If the opposing party does object, the parties shall follow the dispute resolution procedures (including applicable timetables for the same) set forth in Paragraph 12 below.

c. outside consultants and/or experts retained by counsel or a party in connection with this litigation to whom it is necessary that "Highly Confidential" Litigation Materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation, and only upon their agreement to be bound by this Protective Order evidenced by execution of the attached Schedule A;

d. any person expressly identified in any "Highly Confidential" Litigation Materials as an author or a recipient of the "Highly Confidential" Litigation Materials;

AMENDED STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATIERALS

e.  any person employed by the party that produced the "Highly Confidential" Litigation Materials;

f.  the Court, and any members of its staff to whom it is necessary to disclose "Highly Confidential" Litigation Materials for the purpose of assisting the Court in this litigation;

g.  stenographers, videographers and court reporters recording or transcribing testimony relating to this litigation who have executed the attached Schedule A;

h.  other persons only upon written consent of the producing person (which agreement may be recorded in a deposition or other transcript) or upon order of the Court.

11.    Litigation Materials designated or treated as "Highly Confidential—Outside Attorneys' Eyes Only," copies or extracts thereof, and information contained therein, shall be treated as "Outside Attorneys' Eyes Only" and may be disclosed, given, shown, made available, or communicated only to the persons described in Paragraphs 10a and 10c-h, and then only for purposes of the prosecution, defense or appeal of this litigation.

12.    a.  Before any of the persons described in paragraphs 9d and 10c shall have access to "Confidential," "Highly Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only" material, he or she must certify that he or she has been made aware of the provisions of this Order and has manifested his or her assent to be bound thereby by signing a copy of the attached Schedule A, and the signed Schedule A must be served upon the opposing parties, along with a current resume or curriculum vitae reasonably identifying the person, each individual or company for which the person has done work in the past five years or with which the person has an agreement to do work in the future, and his or her relationship, if any, to any party, competitor, or other client.  The party that produced the designated Litigation Material shall then have

AMENDED STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATIERALS

1   five business days to serve a written objection to access by such person.  Any written

2   objection shall state with specificity the reason(s) for such objection.  If such objection

3   is made, there shall be no disclosure to such person except by agreement of the parties,

4   by order of the Court, or if the time for the objecting party to file a motion as set forth

5   herein has expired.  If an objection is made to disclosure, counsel for the parties shall

6   meet and confer within two business days of the objection in an effort to reach an

7   agreement.  Failing an agreement, the objecting party, to prevent such disclosure, must

8   provide its portion of a Local Rule 37-2 joint stipulation within two business days of

9   the meet-and-confer, and the responsive portion of the joint stipulation must be

10  provided not later than two business days after the provision of the objecting party's

11  portion of the joint stipulation.  On any such motion, the party that designated the

12  material shall bear the burden of showing why disclosure to the person should be

13  precluded.

14          b.      The other persons described in paragraphs 9 and 10 and given

15  access to the "Confidential," "Highly Confidential" and "Highly Confidential—

16  Outside Attorneys' Eyes Only" material pursuant to the terms of this Order after

17  signing a copy of the attached Schedule A do not need to be disclosed to the opposing

18  party prior to receipt of "Confidential," "Highly Confidential" or "Highly

19  Confidential—Outside Attorneys' Eyes Only" materials.  A list shall be maintained by

20  counsel for the parties hereto of the names of all persons who have signed Schedule A

21  and to whom the content of any "Highly Confidential" or "Highly Confidential—

22  Outside Attorneys' Eyes Only" material is disclosed, or to whom the information

23  contained therein is disclosed, and such list shall be available for inspection by the

24  Court and opposing counsel upon good cause shown.  At the time of the termination of

25  this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other

26  counsel with a copy of the pertinent aforementioned lists upon request.  The persons

27  receiving "Confidential," "Highly Confidential" or "Highly Confidential—Outside

28  Attorneys' Eyes Only" material are enjoined from disclosing it to any other person,

1   except in conformance with this Order.

2       12.      Each individual who receives any "Confidential," "Highly Confidential"

3   or "Highly Confidential—Outside Attorneys' Eyes Only" material hereby agrees to

4   subject himself/herself to the jurisdiction of this Court for the purpose of any

5   proceedings relating to the performance under, compliance with or violation of this

6   Order.

7       13.      The recipient of any designated material that is provided under this Order

8   shall maintain such records in a secure and safe area and shall exercise the same

9   standard of due and proper care with respect to the storage, custody, use and/or

10  dissemination of such records as is exercised by the recipient with respect to his or her

11  own proprietary information.

12      14.      Nothing in this Order shall allow non-testifying experts and consultants

13  to be deposed or otherwise be the subject of discovery other than as provided under the

14  Federal Rules of Civil Procedure.

15      15.    (a)    Nothing in this Order shall prevent or otherwise restrict counsel

16  from rendering advice to their clients and, in the course thereof, relying generally on

17  designated Litigation Materials; provided, that in rendering such advice and otherwise

18  communicating with such client, counsel shall not make any disclosure of the specific

19  substance of Litigation Materials so designated except as otherwise allowed by this

20  Order.

21          (b)    If, at any time, any Litigation Materials in the possession, custody

22  or control of any person other than the person who originally produced such Litigation

23  Materials are subpoenaed or requested by any court, administrative agency, legislative

24  body or other person or entity, the party to whom the subpoena or other request is

25  directed shall immediately give written notice thereof to each party who has produced

26  such Litigation Materials (directly or through the producing party's outside counsel),

27  unless prohibited by law, and shall provide each producing party with an opportunity

28  to object and intervene as appropriate regarding the request for the production of

AMENDED STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATIERALS

Litigation Materials.  If a producing party does not object and/or intervene to prevent disclosure of such documents within twenty-one (21) days of the date written notice is given, the party to whom the subpoena or other request is directed may produce such documents in response thereto.  Nothing in this Section, however, shall be interpreted to require the party to whom the subpoena or other request is directed to refuse to comply with any legal duty or obligation imposed by a court or other judicial, arbitral, administrative, or legislative body.

16.    Except as agreed in writing by counsel of record or as ordered by the Court, Litigation Materials designated or treated as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Attorneys' Eyes Only" shall be submitted and/or filed under seal in accordance with Local Rule 79-5.

17.    Nothing herein shall prevent any of the parties from using Litigation Materials designated hereunder in any trial in this litigation or from seeking further protection with respect to the use of any designated Litigation Materials in any trial in this litigation.  Means to preserve the confidentiality of Litigation Materials presented at any trial of this matter shall be considered and implemented prior to the beginning of such trial.  Designated Litigation Materials that are not received into evidence at trial shall retain their designated status under this Order.

18.    The terms of this Order shall apply to all manner and means of discovery. The provisions of this Order may be modified at any time by stipulation of the parties, approved by order of the Court.  In addition, a party may at any time apply to the Court for modification of this Order.  Nothing in this Order shall constitute: (a) any agreement to produce in discovery any testimony, document or other information; (b) a waiver of any right to object to or seek a further protective order with respect to any discovery or other matter in this or any other litigation; or (c) a waiver of any claim or immunity, protection, or privilege with respect to any testimony, document or information.

19.    In the event that Litigation Materials designated or treated as "Confidential," "Highly Confidential" or "Highly Confidential—Outside Attorneys'

AMENDED STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATIERALS

Eyes Only" are disclosed to someone not authorized to receive such information under this Order, counsel of record for the party making that disclosure shall, promptly upon learning of such disclosure, give notice to counsel of record for the designating person and to counsel of record for the producing person (if different), and shall describe the circumstances surrounding the unauthorized disclosure.

20.     If any party inadvertently produces in discovery any information subject to attorney-client privilege, work-product doctrine or any other privilege, protection or immunity, and the requirements of Federal Rule of Evidence 502(b) have been satisfied, the producing party may (promptly upon learning of such production) notify the receiving party(ies) of such production and seek the return and/or destruction of such information as set forth below.  Upon such notification: the receiving party(ies) shall promptly return to the producing person or shall destroy all such information (including, without limitation, all originals and copies of any documents containing or comprising such information); the information (including, without limitation, all originals and copies of any documents containing or comprising such information) shall continue to be privileged, protected, and/or immune; and no use shall be made of such information (including, without limitation, all originals and copies of any documents containing or comprising such information) by the receiving party(ies), nor shall it be disclosed to anyone by the receiving party(ies).  The receiving party(ies) shall promptly provide to the producing person a written certification of the complete return or destruction of such information (including, without limitation, all originals and copies of any documents containing or comprising such information); provided that, to the extent any receiving party has incorporated any such information in its own work product, it may (instead of providing such work product to the producing person) destroy such information incorporated in that work product and promptly certify to such destruction.  Nothing herein, however, shall preclude the receiving party(ies) from subsequently challenging that such materials are privileged, or that any such privilege has not been waived.

AMENDED STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATIERALS

21.     Upon termination of this litigation and the request of the producing person, the originals and all copies, whether exact copies or compilations, digests or non-exact copies in any form, of Litigation Materials shall, within thirty (30) days, be returned to the person who produced such Litigation Materials (with the resulting shipping expense to be paid by the producing person), or shall be destroyed (together with a written certification of the complete destruction of the Litigation Materials), or shall otherwise be disposed as may be mutually agreeable among the applicable persons.  The obligation to return or destroy "Confidential" (as opposed to "Highly Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only") materials shall be limited to reasonable efforts.  Nevertheless, counsel of record may retain their file copies of all court filings, official transcripts and exhibits, any pleading transcript (for each deposition, hearing and trial), written discovery responses, expert reports, and attorney work product, regardless of whether it contained protected Litigation Materials, provided that counsel continues to treat all Litigation Materials in the manner provided in this Order.  Notwithstanding the provisions of this paragraph, inaccessible copies of confidential or proprietary material, including electronic copies created through the routine operation of the recipient(s)' standard archival and backup procedures, do not need to be returned or destroyed.

22.     This Order shall remain in force and effect until modified, superseded or terminated by order of the Court.  The termination of this action shall not relieve the parties from complying with any limitations imposed by this Order, and the Court shall retain jurisdiction to enforce this Order.

23.     The entry of this Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

24.     The parties agree they will act in accordance with the terms and conditions of this Order upon its execution by all parties even though it may not yet have been so-ordered and entered by the Court.

14                              AMENDED STIPULATED PROTECTIVE ORDER
                                     GOVERNING CONFIDENTIAL MATIERALS

1        25.     This Order shall govern all discovery undertaken in this action.

2

3    **SO STIPULATED:**

4

5    Respectfully submitted,

6

7    Dated:  October 27, 2021          **WAYMAKER LLP**

8                               By:   */s/ Teresa L. Huggins*

9                                     Ryan G. Baker

10                                    Teresa L. Huggins

11                                    Sam S. Meehan

                                 *Attorneys for Plaintiff Tony Bobulinski*

12   Dated:  October 27, 2021          **THE NORTON LAW FIRM**

13

14                              By:   */s/ Matthew Ohlheiser*

15                                      Fred Norton

                                 David Shapiro

16                                    Matthew Ohlheiser

17                                    *Attorneys for Defendant Adam Roseman*

18         **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-4.3.4**

19       The filer, Teresa L. Huggins, attests that the other signatory listed, on whose

20   behalf this filing is submitted, concurs in the filing's content and has authorized the

21   filing.

22

23   **SO ORDERED:**

24

25

26   Dated:  October 29, 2021

27                            Hon. Jean P. Rosenbluth

28                            United States Magistrate Judge

AMENDED STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATIERALS

<u>Schedule A</u>

By my signature, I hereby acknowledge that I have read the Amended Stipulated Protective Order, dated _____, 2021 (the "Protective Order") entered in *Tony Bobulinski v. Adam Roseman,* (Case No. 2:19-CV-02963-MFW-JPRx), pending in the United States District Court for the Central District of California, and hereby agree to be bound by the terms thereof.  I further agree that to the extent that my employees are provided with "Confidential," "Highly Confidential" and/or "Highly Confidential—Outside Attorneys' Eyes Only" Litigation Materials, I will instruct such employees regarding the terms of the Protective Order.  I further agree to subject myself to the jurisdiction of the United States District Court for the Central District of California with respect to all matters relating to compliance of the Protective Order.

Dated: _____

City and State: _____

Signature: _____

Title:_____

Address:_____

_____

_____

16                    AMENDED STIPULATED PROTECTIVE ORDER
                      GOVERNING CONFIDENTIAL MATIERALS